FULTON-CARROLL CENTER, INC., Plaintiff-Appellant, v. INDUSTRIAL COUNCIL OF NORTHWEST CHICAGO, INC., *et al.*, Defendants-Appellees.

First District (4th Division)   No. 1—92—3760

Opinion filed December 30, 1993.

Richard J. Prendergast, Ltd., of Chicago (Richard J. Prendergast and Jane F. Anderson, of counsel), for appellant.

Gottlieb & Schwartz, of Chicago (Dennis C. Waldon, Stephen R. Chesler, and Roy L. Bernstein, of counsel), for appellees.

JUSTICE HOFFMAN delivered the opinion of the court:

The plaintiff, Fulton-Carroll Center, Inc., appeals from an order of the circuit court of Cook County dismissing its complaint for injunctive relief with prejudice based on a finding that it had an adequate remedy at law. We consider whether: (1) the appeal is moot because the plaintiff has raised the same claim in a counterclaim and a third-party complaint in a pending action that the defendants filed; (2) the plaintiff waived the relief requested in this court because it was not raised in the trial court; and (3) the trial court erred when it dismissed the complaint with prejudice. For the following reasons, we reverse and remand.

On October 23, 1992, the plaintiff filed a one-count complaint

alleging breach of contract against the defendants, Industrial Council of Northwest Chicago, Inc., Kinzie Industrial Development Corporation, and their common officers and directors, Andrew Goldsmith, John Farrell, Marvin Klein, Bill Leavy, Mike Mikalauskis, Charles Murray, Mike O'Hara, and David Schaff. In the complaint, the plaintiff alleged that it entered into certain property management agreements with the defendants on November 1, 1989, but they obstructed the plaintiff's efforts to perform under the contracts. The plaintiff also alleged that the defendants were attempting to terminate its exclusive management rights under the contracts. The plaintiff sought to enjoin the defendants from terminating the management agreements and require them to comply with the terms of the agreements.

The defendants responded by filing a combined motion to dismiss the action as allowed under section 2—619.1 of the Code of Civil Procedure, citing grounds under sections 2—615 and 2—619 (Ill. Rev. Stat. 1991, ch. 110, pars. 2—619.1, 2—615, 2—619). Only the grounds asserted under section 2—615 are relevant to this appeal. The defendants argued that the plaintiff's complaint failed to state a cause of action for injunctive relief because there was an adequate remedy at law. Specifically, the defendants argued that the remedy for breach of contract is not a claim seeking injunctive relief but a suit for damages.

The trial court granted the defendants' motion and dismissed the plaintiff's complaint with prejudice finding that it had an adequate remedy at law and, as a result, failed to plead sufficient facts to support injunctive relief. The plaintiff now appeals.

OPINION

The plaintiff does not challenge the trial court's finding that there was an adequate remedy at law but only challenges the dismissal of its complaint with prejudice. The defendants respond that the plaintiff's appeal is moot and that it waived the relief it now requests in this court. We will consider the defendants' contentions first.

The defendants argue that the appeal is moot because the plaintiff has subsequently raised the same claim in responsive pleadings in a pending action that the defendants filed against the plaintiff in the law division of the circuit court of Cook County. They ask this court to take judicial notice of that action (Industrial Council of Northwest Chicago, Inc. v. Lavelle (Cir. Ct. Cook Co.), No. 92—L—13299), filed on October 23, 1992, and the plaintiff's counterclaim and third-party complaint filed on March 30, 1993. The defendants assert

that in those filings, the plaintiff alleged the same breach of contract claim that is the basis of the present suit for injunctive relief.

A question is moot if no actual controversy exists or where events occur which make it impossible for the court to grant effective relief. (*McDunn v. Williams* (1993), 156 Ill. 2d 288, 620 N.E.2d 385.) When a complaint is involuntarily dismissed with prejudice, the order of dismissal is conclusive of the rights of the parties to the same extent as if the matter had been tried and resolved on the merits adverse to the plaintiff. (*Morris v. Union Oil Co.* (1981), 96 Ill. App. 3d 148, 421 N.E.2d 278; see also 134 Ill. 2d R. 273.) If, as the defendants argue, the parties and the issue presented in the plaintiff's complaint in this action are identical to its counterclaim and third-party complaint filed in the law division case, then a resolution of this action on the merits would be conclusive of the plaintiff's rights in that case under the doctrine of *res judicata* without regard to the fact that the plaintiff has sought different forms of relief in the two actions. (*Baird & Warner, Inc. v. Addison Industrial Park, Inc.* (1979), 70 Ill. App. 3d 59, 387 N.E.2d 831.) As such, the propriety of the dismissal with prejudice of the plaintiff's complaint in this action is not moot because it continues to have a very real effect upon the controversy existing between the parties.

■ The defendants also argue that the plaintiff waived the relief it now requests from this court because it did not make the request in the trial court. The only relief the plaintiff seeks on appeal is a remand of this case to the circuit court with instructions to transfer the case from the chancery division to the law division.

The circuit court of Cook County is a court of general jurisdiction. (Ill. Const. 1970, art. VI, § 9.) The fact that the circuit court, for administrative purposes, has established divisions to hear certain types of cases does not affect its jurisdiction to hear all justiciable matters and does not affect the power of any of its judges to hear and dispose of any matter properly pending in the circuit court. (See *Kaplan v. Keith* (1978), 60 Ill. App. 3d 804, 377 N.E.2d 279.) The transfer of cases to specialized divisions within a judicial circuit is a matter committed to the administrative authority of the chief judge of the circuit. (See 134 Ill. 2d R. 21(b).) The circuit court has provided in General Order Nos. 1.3(b) and (c) that an action should not be dismissed if it was filed in the wrong division and has established a procedure to transfer the action to the appropriate division. Circuit Court of Cook County, General Order Nos. 1.3(b), (c) (1992).

Such transfers or assignments, however, do not relate to the jurisdiction of the court to hear a particular type of action; also, it is not the function of a reviewing court to direct that cases be heard in

one division of a circuit court as opposed to another. If a matter on appeal is remanded to the circuit court for further proceedings, it is for the circuit court to determine to which of its divisions the matter will be assigned. Therefore, the fact that the plaintiff never requested the trial court to transfer this case from the chancery division to the law division of the circuit court is of no moment to the merits of this appeal. Because the assignment of a case to a division within the circuit court is merely an administrative matter committed to the circuit court itself, it presents no issue before this court and, therefore, cannot give rise to an argument of waiver.

■ Turning to the substantive issue on appeal, the plaintiff contends that if it had an adequate remedy at law for breach of contract, as the trial court found, it was error to dismiss its complaint with prejudice. In the section 2—615 portion of their motion to dismiss, the defendants asserted that the plaintiff's complaint only alleged they breached the agreements by terminating the plaintiff as property manager of the buildings. Because the plaintiff could only allege breach of contract, the defendants argued there was no irreparable harm and there was an adequate remedy at law for money damages. This argument was the sole basis of the trial court's dismissal of the plaintiff's complaint seeking injunctive relief.

No action should be dismissed on a motion pursuant to section 2—615 for failure to state a cause of action unless it clearly appears that no set of facts can be proven under the pleadings which will entitle the plaintiff to relief. (*People ex rel. Daley v. Datacom Systems Corp.* (1991), 146 Ill. 2d 1, 585 N.E.2d 51.) The issue presented on appeal from an order dismissing a complaint with prejudice under section 2—615 is one of law, namely, whether the complaint sets forth facts which, if true, would entitle the plaintiff to relief. *McCormick v. Kruk* (1991), 220 Ill. App. 3d 449, 581 N.E.2d 73.

A party cannot seek equitable relief when it has an adequate remedy at law. (*La Salle National Bank v. County of Cook* (1974), 57 Ill. 2d 318, 312 N.E.2d 252; *Kaplan v. Kaplan* (1981), 98 Ill. App. 3d 136, 423 N.E.2d 1253.) When a complaint seeking injunctive relief is defective because there is an adequate remedy at law, a dismissal with prejudice is not warranted. (*Conway v. Conners* (1981), 101 Ill. App. 3d 121, 427 N.E.2d 1015; *Matchett v. Rose* (1976), 36 Ill. App. 3d 638, 344 N.E.2d 770; *Rao Electrical Equipment Co. v. Macdonald Engineering Co.* (1970), 124 Ill. App. 2d 158, 260 N.E.2d 294.) In such a case, the court makes no decision on the merits of the plaintiff's claim other than to find that the remedy sought is not available to the plaintiff. The appropriate remedy is to strike the plaintiff's prayer for injunctive relief and allow the plaintiff to pursue its remedy at

law. See *Conway*, 101 Ill. App. 3d 121, 427 N.E.2d 1015 (in such situations, the case should be transferred to the law division); *Matchett*, 36 Ill. App. 3d 638, 344 N.E.2d 770; *Rao*, 124 Ill. App. 2d 158, 260 N.E.2d 294.

In this case, the issue below was not the plaintiff's entitlement to relief based upon the facts pled in its complaint, but rather, the type of relief to which it was entitled. Having examined the plaintiff's complaint, we are unable to say that as a matter of law no set of facts could be proven under its allegations which would entitle the plaintiff to relief, albeit relief in the form of damages for breach of contract as opposed to the injunctive relief sought. Having so found, we are obligated to reverse the dismissal of the complaint with prejudice and remand this action to the circuit court for further proceedings.

Reversed and remanded.

CAHILL, P.J., and JOHNSON, J., concur.