2020 IL App (1st) 181958

FIRST DISTRICT
SIXTH DIVISION
July 17, 2020

No. 1-18-1958

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 06 CR 7494 |
| | ) | |
| ROBERTO VELAZQUEZ, | ) | Honorable |
| | ) | Geary W. Kull, |
| Defendant-Appellant. | ) | Judge Presiding. |

JUSTICE HARRIS delivered the judgment of the court, with opinion.
Presiding Justice Mikva and Justice Cunningham concurred in the judgment and opinion.

## OPINION

¶ 1   Defendant, Roberto Velazquez, appeals from the order of the circuit court dismissing his motion for injunctive or declaratory relief pursuant to section 11 of the Freedom of Information Act (FOIA) (5 ILCS 140/11 (West 2016)). On appeal, defendant contends that the court erred in dismissing the action and instead should have transferred the matter to the presiding judge of the chancery division for reassignment. For the following reasons, we vacate the dismissal and remand for further proceedings.

¶ 2                    I. JURISDICTION

¶ 3   The circuit court dismissed the action on June 22, 2018. On September 20, 2018, this court allowed defendant to file a late notice of appeal. Accordingly, this court has jurisdiction pursuant to Illinois Supreme Court Rule 606(c) (eff. July 1, 2017).

¶ 4                                    II. BACKGROUND

¶ 5     The following facts are relevant to this appeal. After a jury trial, defendant was convicted of first degree murder in the shooting death of Jesus Escalante-Mendoza and sentenced to 60 years' imprisonment. This court affirmed defendant's conviction and sentence in *People v. Velazquez*, No. 1-08-2154 (2008) (unpublished order under Illinois Supreme Court Rule 23). Defendant filed a postconviction petition alleging ineffective assistance of appellate counsel, which the trial court summarily dismissed. This court affirmed the summary dismissal but directed the clerk of the circuit court to amend the *mittimus* to reflect pretrial custody credit. *People v. Velazquez*, 2013 IL App (1st) 120285-U.

¶ 6     Defendant subsequently made four requests to agencies pursuant to FOIA. On June 26, 2016, defendant filed a FOIA request with the Cicero Police Department (2016 PAC 43654). The Illinois Attorney General's (AG) Office wrote a letter to the town of Cicero inquiring about its failure to respond to defendant's request. In a letter dated September 15, 2016, Cicero informed defendant that it had 72 pages of record in response to his request, that the first 50 pages were free, and upon receipt of a $3.30 copying fee it would "promptly tender the requested" materials. After Cicero informed the AG's Office that it responded to defendant's request, the AG sent a letter to defendant stating that his complaint had been resolved and if he wanted review of the response, he had to file a request for review. A receipt dated October 24, 2016, shows payment of $3.30 was received for defendant's FOIA request.

¶ 7     On June 26, 2016, defendant also filed a FOIA request to the Netcong, New Jersey, police department (2016 PAC 43655), where he was arrested. On July 7, 2016, the Netcong Borough Police Department responded to the request, stating that the incident in which defendant sought

records occurred outside their jurisdiction. They suggested defendant contact the New Jersey State Police and provided contact information. On September 8, 2016, the AG informed defendant in a letter that it closed its investigation of his request because it had "no jurisdiction to review denials of requests for records by governmental entities of the State of New Jersey."

¶ 8 Defendant filed a request for review with the AG on November 14, 2016, alleging that the town of Cicero did not send requested records after he paid the fee (2016 PAC 45101). The attorney for Cicero informed the AG that the town received defendant's check on October 24, 2016, and mailed the requested records that same day. The AG apprised defendant that if it did not hear from him by March 21, 2017, it would "assume that [he] received the records and close [his] file without further action or notification to you."

¶ 9 On February 20, 2017, defendant filed a FOIA request to the Cicero Police Department seeking all police reports related to his case (2017 PAC 47563). Defendant appealed the denial of his request to the AG on April 17, 2017. In a letter dated May 4, 2017, the AG informed defendant that "no further inquiry is warranted."

¶ 10 On June 14, 2018, defendant placed in the mail his notice of filing of his motion for injunctive or declaratory relief. Defendant's motion listed himself as plaintiff and Attorney General Lisa Madigan and "Net-Cong Borough PD" as respondents. For case numbers, defendant entered the PAC numbers for the four FOIA requests he had filed. Defendant requested relief pursuant to section 11(f) of FOIA, which provides that the court "shall conduct [an] in camera examination of the requested records as it finds appropriate to determine if such records or any part thereof may be withheld under any provision of this Act." 5 ILCS 140/11(f) (West 2016). The

notice of filing was sent to the "Clerk of the Court" in Maywood, Illinois, and to "Kimberley M. Foxx."

¶ 11    At the hearing on defendant's motion, the circuit judge stated that defendant "requested certain things in the Freedom of Information Act that I have read. Some of which he may be entitled to, some of which not. He also asked for actual photographs of evidence. I believe he is entitled to that." The circuit judge, however, concluded "I'm not the place to send this. I don't necessarily know who is, but I'm going to dismiss it today, because I don't have jurisdiction on it." The court believed that the matter belonged in "maybe the chief judge's court." Defendant appeals from the trial court's dismissal.

¶ 12                                III. ANALYSIS

¶ 13    The circuit court dismissed defendant's motion because it believed it did not have jurisdiction to consider defendant's request for relief. Whether the circuit court has subject-matter jurisdiction to entertain a claim is a question of law that we review *de novo*. *McCormick v. Robertson*, 2015 IL 118230, ¶ 18.

¶ 14    Excepting the power to review administrative actions, the circuit court's subject-matter jurisdiction is conferred entirely by our state constitution. *In re M.W.*, 232 Ill. 2d 408, 424 (2009). Thus, our supreme court determined that for circuit courts, "subject matter jurisdiction exists as a matter of law if the matter brought before the court by the plaintiff or petitioner is 'justiciable.' " *Id.* A justiciable matter is a controversy that "is definite and concrete, as opposed to hypothetical or moot, touching upon the legal relations of parties having adverse legal interests." *Belleville Toyota, Inc. v. Toyota Motor Sales, U.S.A., Inc.*, 199 Ill. 2d 325, 335 (2002).

¶ 15    The circuit court below, however, did not determine that no definite controversy existed between the parties. Rather, the court believed that it was not the place for defendant's action. Although the circuit court is comprised of different divisions that hear certain types of cases, that fact does not affect a circuit judge's authority "to hear and dispose of any matter properly pending in the circuit court." *Fulton-Carroll Center, Inc. v. Industrial Council of Northwest Chicago, Inc.*, 256 Ill. App. 3d 821, 823 (1993). If a case before a circuit judge belongs in another division, the chief judge has the general administrative authority to transfer the matter to another division in the circuit. See Ill. S. Ct. R. 21(c) (eff. Dec. 1, 2008). Such transfers or reassignments do not implicate the circuit court's jurisdiction to hear a particular type of action. *Fulton-Carroll*, 256 Ill. App. 3d at 823.

¶ 16    Accordingly, the general orders of the Cook County circuit court provide that "[n]o action shall be dismissed *** because the action was filed, tried or adjudicated in the wrong department, division or district." Cook County Cir. Ct. G.O. 1.3(b) (Aug. 1, 1996). Instead, any action that the circuit court determined was filed in the

> "wrong department, division, district or section of the Circuit Court of Cook County, shall be transferred to the Presiding Judge of the division or district in which it is pending for the purpose of transferring the action to the Presiding Judge of the proper division or district, or for reassignment to the proper section." Cook County Cir. Ct. G.O. 1.3(c) (Aug. 1, 1996).

¶ 17    Defendant's action for relief pursuant to section 11 of FOIA was filed in the criminal division, and he acknowledged on appeal that it should have been filed in the chancery division as it is a motion for injunction or declaratory relief. See Cook County Cir. Ct. G.O. 1.2, 2.1(b)(1)

(Jan. 1, 2008). The circuit court recognized that it was filed in the wrong division, and also recognized that the matter belonged in "maybe the chief judge's court." Rather than dismiss defendant's action, however, the court should have transferred it to the chief judge for reassignment. *Fulton-Carroll*, 256 Ill. App. 3d at 823. Therefore, we vacate the circuit court's dismissal and remand the matter so the circuit court can transfer defendant's action to the chief judge. See *id.* at 823-24 (it is not for the reviewing court "to direct that cases be heard in one division of a circuit court as opposed to another").

¶ 18    The State argues that the circuit court below lacked personal jurisdiction over the respondents because there is no evidence in the record that they were properly served. The State urges this court to affirm the circuit court's dismissal on this basis. However, because objections to personal jurisdiction and improper service may be waived, " 'a party may object to personal jurisdiction or improper service of process only on behalf of himself or herself.' " (Internal quotation marks omitted.) *People v. Matthews*, 2016 IL 118114, ¶ 19 (quoting *In re M.W.*, 232 Ill. 2d at 427). Therefore, the State "lacks standing to challenge the validity of the circuit court's dismissal order based on lack of personal jurisdiction" over respondents. *Id.* ¶ 20.

¶ 19                                IV. CONCLUSION

¶ 20    For the foregoing reasons, the judgment of the circuit court is vacated, and the cause remanded for further proceedings.

¶ 21    Vacated and remanded.

---

**No. 1-18-1958**

---

| | |
|---|---|
| **Cite as:** | *People v. Velazquez*, 2020 IL App (1st) 181958 |

---

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Cook County, No. 06-CR-7494; the Hon. Geary W. Kull, Judge, presiding. |

---

| | |
|---|---|
| **Attorneys for Appellant:** | Amy P. Campanelli, Public Defender, of Cook County (Elizabeth Ribbeck, Assistant Public Defender, of counsel), for appellant. |

---

| | |
|---|---|
| **Attorneys for Appellee:** | Kimberly M. Foxx, State's Attorney, of Chicago (Alan J. Spellberg and Christine Cook, Assistant State's Attorneys, of counsel), for the People. |

---