2020 IL App (1st) 191676-U

SIXTH DIVISION
November 30, 2020

No. 1-19-1676

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| JUSTIN SPENCER, | ) | Appeal from the Circuit Court |
| | ) | of Cook County. |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | No. 18 M1 017369 |
| | ) | |
| NORTHWEST RECOVERY, | ) | The Honorable |
| | ) | Mary Kathleen McHugh, |
| Defendant-Appellant. | ) | Judge Presiding. |

JUSTICE CONNORS delivered the judgment of the court.
Justice Harris and Justice Griffin concurred in the judgment.

**ORDER**

*Held:* Where the record on appeal is insufficient to review defendant's claims of error, the trial court's judgment is affirmed.

¶ 1       This appeal arises from the trial court's order that denied defendant Northwest Recovery's motion to continue the trial and awarded judgment in favor of Plaintiff Justin Spencer and against defendant in the amount of $4,357. Defendant appeals that order, arguing that the trial court (1) prejudiced defendant when it denied its motion for continuance; (2) erred by "ignoring" defendant's motion for change of venue; (3) improperly interpreted the applicable law; (4) erred in awarding the judgment amount; and (5) failed to consider that plaintiff refused to mitigate damages. Defendant also asserts that it was not the proper defendant. We affirm.

¶ 2                                    I. BACKGROUND

¶ 3        The record does not contain any transcripts, bystander's reports, or agreed statement

of facts from any of the proceedings that took place before the trial court. The following facts are

taken from the common law record.

¶ 4                        Procedural History Before Trial

¶ 5        On December 10, 2018, plaintiff filed a *pro se* complaint against defendant, a

relocation and recovery business, or tow company. Plaintiff alleged as follows. His car was

towed without legal basis "per the lease agreement" and was then sold without him being

notified. Defendant did not "have proper signage posted at [the] location where the tow

occurred." Plaintiff requested $8000, which included damages for the value of the vehicle and

costs for the loss of the use of it.

¶ 6        The affidavit of service in the common law record shows that the Sheriff's Office of

Cook County served defendant with the complaint on December 20, 2018, and the "Small

Claims Summons" form listed a return date of January 7, 2019, with a time of 9:30 a.m. There

was no courtroom location indicated on the summons. On January 4, 2019, defense counsel filed

an appearance on an "Appearance and Jury Demand" form, which listed January 7, 2019, as the

return date and did not include a time or room number.

¶ 7        On January 7, 2019, defendant filed a "motion for change of venue," arguing that the

action occurred in the northwest suburbs of Chicago, that defendant's place of business was

Rolling Meadows, Illinois, and that the proper venue was the "Rolling Meadows Courthouse."

Defendant requested that, pursuant to Cook County General Order 1.3(c), the court enter an

order transferring the matter to the "Presiding Judge of District 3 for re-assignment to the proper

venue." The record does not contain a notice of motion showing whether a hearing date was ever

scheduled for the motion. The record also does not contain an order showing that the court held a hearing or entered an order on the motion.

¶ 8       On January 22, 2019, the court entered an order setting the case for "final trial" on February 6, 2019. The order stated, "No Continuances" and "Plaintiff to mail [defendant's] attorney of record today's order." On February 6, 2019, the court entered an order awarding judgment to plaintiff and against defendant in the amount of $4,357. The order stated that "[d]efendant's motion to continue trial is denied." The record does not include a written explanation for the court's order.

¶ 9                                    Defendant's Brief

¶ 10      As previously discussed, the record does not include a transcript, bystander's report, or agreed statement of facts of the trial proceedings. In defendant's brief, defendant provides a summary of its version of the trial testimony as follows. Defendant is a relocation and recovery business with a principal place of business in Rolling Meadows, Illinois. Plaintiff "had a lease" and rented office space at 4050 Industrial Avenue, Arlington Heights. The lease prohibited overnight parking at the office space unless an employee was working overnight.

¶ 11      In November 2018, plaintiff owned a 2001 Audi vehicle, which he left parked overnight at the office space for several weeks. Plaintiff testified that he traveled out of the country for more than a week while his vehicle was parked there. According to defendant, defense counsel showed plaintiff photographs of his parked vehicle and he denied that the items on the windshield were parking tickets. Plaintiff testified that the parking lot did not have proper signs on towing.

¶ 12      Defendant testified that, on November 7, 2018, it received a call from "management of 4050 Industrial Avenue, Arlington Heights, Illinois" to tow an Audi vehicle that was parked in

a private lot. On November 7, 2018, at 4:40 a.m., defendant towed a 2001 silver Audi from that parking lot and subsequently notified Arlington Heights police department. On November 8, 2018, defendant requested a title search for the vehicle with the Illinois Secretary of State, which identified "Betty Benkert" as the owner of the vehicle. The title search also stated, "Illinois Title Surrendered From Foreign," and defendant testified he did not know what this meant. On November 13, 2018, defendant sent a notice to Betty Benkert informing her of the date and time the vehicle was scheduled to be sold at a public sale. The vehicle was subsequently sold at a public auction.

¶ 13      In December 2018, plaintiff went to Northwest Recovery to obtain his vehicle. Defendant informed plaintiff that the vehicle was not on the property, that it was sold, and that the vehicle could be returned to plaintiff after the payment of tow fees. Plaintiff contested the fees and defendant asked him to leave the property "due to his behavior."

¶ 14      Before closing argument, the court denied defense counsel's request to submit briefs on the issue regarding whether the vehicle met the legal definition of an "abandoned" vehicle. During closing argument, defendant argued that the motion for continuance should not have been denied and venue was not proper. Defendant asserted that plaintiff admitted at trial that he had parked his vehicle overnight and that he was not working in the office building at that time, which was prohibited under the lease. Defendant argued that plaintiff had a duty to mitigate his damages and failed to do so when he refused to accept defendant's offer to return the vehicle to him. Defendant argued that plaintiff should have filed his complaint against the management company who called defendant to tow the vehicle, not defendant.

¶ 15                        Documents in Common Law Record

¶ 16        The common law record contains four documents labeled Exhibit Nos. 5-8. The document labeled Exhibit No. 5 is entitled "Relocator's Identification" and provides defendant's name and 4050 Industrial Ave., Rolling Meadows, Illinois as the address. This document provides that, on November 7, 2018, at 4:40 a.m., a 2001 silver Audi vehicle, was towed from 415 West Golf Road, Arlington Heights, that the reason for the tow was "management call-in," and that the police were notified of the relocation at 5:15 a.m.

¶ 17        The document labeled Exhibit No. 6 is from the Illinois Office of the Secretary of State and dated November 8, 2018. It lists the name "Betty Benkert" as the owner of a vehicle that has the same description as the vehicle described in Exhibit No. 5. Under the header "Type Title," it states, "Illinois Title Surrendered From Foreign."

¶ 18        The document labeled Exhibit No. 7 is entitled "Final Notification" and dated November 13, 2018. Under the header "owner," it lists the name "Betty Benkert" and under the vehicle description, it describes the same vehicle described in Exhibit Nos. 5 and 6. The document states that the vehicle "is presently being stored at our facility and is unclaimed" and scheduled to be sold on November 27, 2018, at a public sale pursuant to the Illinois Vehicle Code. The document provides defendant's name and address as the company to call.

¶ 19        The document labeled Exhibit No. 8 is a "Certificate of Purchase," showing that the vehicle with the same description contained in Exhibit Nos. 5-7 was towed from 415 West Gold Road Arlington Heights to 4050 Industrial Avenue and that defendant authorized the tow. The document states that the vehicle was purchased on November 27, 2018, by "Frame and Body Solutions."

¶ 20                            Procedural History After Trial

¶ 21    As previously discussed, on February 6, 2019, the court entered an order awarding judgment to plaintiff and against defendant in the amount of $4,357.

¶ 22    On March 6, 2019, defendant filed a "Verified First Amended Motion to Reconsider." Defendant argued that it was prejudiced when the court denied its motion for continuance because it did not have adequate time to prepare for trial. Defendant asserted it was "not aware of the trial until February 5, 2019 despite [counsel] diligently keeping abreast of the matter" in the following ways. Counsel filed an appearance on January 4, 2019, "but the returned, filed Appearance did not include an initial court date assigned by the clerk." The Small Claims Summons showed a return date of January 7, 2019, and counsel filed a motion for change of venue on this same date. On January 7, 2019, no Courtroom number or hearing had been scheduled and "members of [counsel's law firm] made diligent attempts to determine the status of the case by checking the clerk's computer and calling court personnel, but no further date had been assigned." Defendant asserted that, on January 22, 2019, the case was set for trial on February 6, 2019, and plaintiff was required to mail notice to defense counsel of the order setting the case for trial, but counsel never received that order in the mail. Defendant claimed that on February 5, 2019, counsel checked the physical court file and learned that the case had been set for trial on February 6, 2019. Defendant argued that the court erred when it denied its motion for continuance.

¶ 23    Defendant also contended that the court erred "in not ruling on" its motion for change of venue, claiming that the court "ignored" its motion. Defendant asserted that the proper venue for this matter was "District Three, Rolling Meadows, Illinois and not the Daley Center." Defendant further argued that the court misapplied the applicable law, erred in calculating the judgment amount awarded to plaintiff, and failed to consider that plaintiff refused to mitigate

damages. Defendant also claimed that plaintiff filed his complaint against the wrong defendant, as the proper defendant was the management company or owner of the real property.

¶ 24       On March 27, 2019, the court entered an order setting defendant's verified first amended motion to reconsider for a hearing on May 15, 2019. On May 15, 2019, the court entered an order setting defendant's motion for July 10, 2019, and defense counsel's name and address are listed under "attorney information" for the person who prepared the order. On July 10, 2019, the court entered an order denying defendant's motion to reconsider, noting that defendant was not present in court.

¶ 25       On July 16, 2019, defendant filed a "Verified Motion to Vacate July 10, 2019 Order." Defendant asserted that good cause existed to vacate the July 10, 2019, order "due to [defendant's] attorney unintentionally failing to appear for the July 10, 2019 hearing." Defendant asserted that counsel had "inadvertently" marked the hearing date as July 11, 2019, which was the date counsel appeared for the hearing.

¶ 26       On August 16, 2019, the court entered an order denying defendant's motion to vacate the July 10, 2019, order. The record does not include a written explanation for the court's denial. This appeal followed.

¶ 27                               II. ANALYSIS

¶ 28       Defendant contends that the trial court abused its discretion when it denied its motion for continuance and that defendant was prejudiced because, *inter alia*, defendant did not have adequate time to prepare a defense.

¶ 29       It is within the trial court's discretion to grant or deny a motion for continuance. *In re Parentage of I.I.*, 2016 IL App (1st) 160071, ¶ 29. We will not disturb a trial court's decision on

a motion for continuance unless "it has resulted in a palpable injustice or constituted an abuse of discretion." *Id.*

¶ 30     Defendant, as the appellant, has the burden to present the reviewing court "with a sufficiently complete record to support" his claims of error. *Ladao v. Faits*, 2019 IL App (1st) 180610, ¶ 36. When the record on appeal is incomplete, we presume that the trial court entered its order "in conformity with law" and with "a sufficient factual basis." *Foutch v. O'Bryant*, 99 Ill. 2d 389, 392 (1984). "In fact, when the record on appeal is incomplete, a reviewing court should actually 'indulge in every reasonable presumption favorable to the judgment from which the appeal is taken, including that the trial court ruled or acted correctly.' " *Smolinski v. Vojta,* 363 Ill. App. 3d 752, 757-58 (2006) (quoting *People v. Majer,* 131 Ill. App. 3d 80, 84 (1985)). If we have any doubts based on the ambiguity within the record, we must resolve those issues against the appellant. *Teton, Tack & Feed, LLC v. Jimenez*, 2016 IL App (1st) 150584, ¶ 19.

¶ 31     Here, as previously discussed, defendant did not file any transcripts of the hearings or proceedings that took place in the trial court. He did not file any substitutes such as a bystander's report or agreed statement of facts under Illinois Supreme Court Rule 323(c), (d) (eff. July 1, 2017). Because we do not have any transcripts or substitutes for any of the proceedings that took place in the trial court, we do not know what arguments defendant or plaintiff presented to the court with respect to defendant's motion for continuance. The trial court's order denying the motion did not include a written explanation, so we also do not know the rationale behind the court's order. Thus, because we do not have an adequate record, we must presume the trial court entered the February 6, 2019, order denying defendant's motion for continuance in conformity with the law and that the court had a sufficient factual basis to do so. See *Romito v. City of Chicago*, 2019 IL App (1st) 181152, ¶ 24 (where the trial court's written order provided no

insight into the court's rationale in the order denying the plaintiff's motion for leave to file an amended complaint, this court noted that it "could not divine the trial court's reasoning" or determine whether it was an abuse of discretion and concluded that it must presume that the trial court's order had sufficient legal and factual basis). We therefore conclude that the trial court did not abuse its discretion when it denied defendant's motion for continuance.

¶ 32    Defendant further argues that the trial court improperly interpreted the applicable law because it placed the onus on defendant to determine whether the vehicle was abandoned. It asserts that plaintiff's vehicle was considered abandoned under the Illinois Vehicle Code (625 ILCS 5/4-201 (West 2018)), the tow was legal, and defendant followed the applicable legal requirements with respect to the tow and sale of the vehicle. Defendant asserts that court erred in determining the judgment amount for the value of the vehicle because it accepted the value presented by plaintiff, which was inaccurate and not comparable to the value of the actual vehicle. Defendant argues that the court failed to consider that plaintiff refused to mitigate his damages when it did not accept defendant's offer to return the vehicle to him. Defendant also asserts that the proper defendant in this matter was the management company or the owner of the real property who authorized the tow from the parking lot, not defendant who was the towing company.

¶ 33    As previously discussed, we do not have a report of the proceeding or an acceptable substitute under Rule 323(c), (d) and, therefore, we do not know what evidence and legal arguments the parties presented to the court during the trial. Without a sufficiently complete record, we are unable to conduct a meaningful appellate review on the claims of error defendant has raised and on the trial court's factual findings and legal conclusions. See *In re Marriage of Gulla and Kanaval,* 234 Ill. 2d 414, 422-24 (2009) (where the record did not include a report of

9

proceedings or substitute, the court concluded that the circuit court's order had a sufficient factual basis and conformed with the law, noting that " '[a]n issue relating to a circuit court's factual findings and basis for its legal conclusions obviously cannot be reviewed absent a report or record of the proceeding' ") (quoting *Corral v. Mervis Industries, Inc.*, 217 Ill. 2d 144, 156 (2005)); *In re Estate of Jackson*, 354 Ill. App. 3d 616, 620 (2004) ("It is the appellant's burden to provide a complete record on appeal in order to facilitate a meaningful review."). We therefore must presume that the trial court entered the February 6, 2019, judgment order in conformity with the law and with a sufficient factual and legal basis.

¶ 34        Lastly, defendant contends that the trial court prejudiced defendant by "ignoring" its motion to change venue. Defendant argues that the proper venue for this case was the "Third Municipal District, Rolling Meadows, Illinois and not the Daley Center." It asserts that plaintiff resided in Indiana, defendant operated in Rolling Meadows, Illinois, and the vehicle was towed in Arlington Heights, Illinois.

¶ 35        Initially, we note that the record does not contain an order showing that the court held a hearing or ruled on defendant's motion for change of venue. " '[I]t is the responsibility of the party filing a motion to request the trial judge to rule on it, and when no ruling has been made on a motion, the motion is presumed to have been abandoned absent circumstances indicating otherwise.' " *Kagan v. Waldheim Cemetery Co.,* 2016 IL App (1st) 131274, ¶ 58 (quoting *Rodriguez v. Illinois Prisoner Review Board*, 376 Ill. App. 3d 429, 433 (2007)). Further, the failure to obtain a ruling on a motion before filing a notice of appeal "results in the procedural default of any issue pertaining to the motion for purposes of appeal." *Kagan*, 2016 IL App (1st) 131274, ¶ 57. Thus, it was defendant's responsibility as the person filing the motion to request the trial court to rule on its motion. The record does not show that the trial court ever issued a

ruling on defendant's motion, so defendant is presumed to have abandoned it and it is procedurally defaulted.

¶ 36 Further, section 2-101 of the Illinois Code of Civil Procedure provides that "every action must be commenced (1) in the county of residence of any defendant who is joined in good faith *** or (2) in the county in which the transaction or some part thereof occurred out of which the cause of action arose." 735 ILCS 5/2-101 (West 2018). However, defendant does not provide any argument to support that Cook County was not the proper county for this action under section 2-101. Rather, defendant asserts that the proper venue was the "Third Municipal district, Rolling Meadows, Illinois and not the Daley Center." However, the Third Municipal District is one of the six districts in the circuit court of Cook County. Cook County Cir. Ct. G.O. 1.2, 2.3 (eff. May 2, 2011). Thus, we are unpersuaded by defendant's argument that the court erred when it required defendant "to proceed to trial in the improper venue."

¶ 37 We note that to support defendant's argument that venue was improper, defendant cites Cook County General Order 1.3(c), which states as follows:

> "Any action assigned to a judge that is determined by that judge, whether by suggestion of the parties or otherwise, to have been filed or to be pending in the wrong department, division, district or section of the Circuit Court of Cook County, shall be transferred to the Presiding Judge of the division or district in which it is pending for the purpose of transferring the action to the Presiding Judge of the proper division or district, or for reassignment to the proper section." Cook County Cir. Ct. G.O. 1.3(c) (eff. Aug. 1, 1996).

To the extent defendant is arguing that pursuant to Cook County Circuit Court General Order 1.3(c), the court did not have jurisdiction because the case should have been conducted in the

11

Third Municipal District of the circuit court of Cook County rather than the First Municipal District of the circuit court of Cook County, we disagree.

¶ 38    "The circuit courts have almost unlimited jurisdiction over all justiciable matters." *In re Estate of Olsen*, 120 Ill. App. 3d 744, 747 (1983). "Generally, the organization of the court into divisions is for administrative purposes only." *Id.* "If a case before a circuit judge belongs in another division, the chief judge has the general administrative authority to transfer the matter to another division in the circuit." *People v. Velazquez*, 2020 IL App (1st) 181958, ¶ 15. However, "[s]uch transfers or reassignments do not implicate the circuit court's jurisdiction to hear a particular type of action." *Id.* Thus, the trial court had jurisdiction to hear defendant's case. Further, Cook County General Order No 1.3(b) states that, "No action shall be dismissed and no judgment order or decree shall be vacated, set aside or invalidated because the action was filed, tried or adjudicated in the wrong department, division or district." Cook County Cir. Ct. G.O. 1.3(b) (eff. Aug. 1, 1996). Thus, even if we would assume that the Third Municipal District was the proper district, we would affirm.

¶ 39                                III. CONCLUSION

¶ 40    In sum, because we do not have a complete record on appeal, we must presume the trial court entered its judgment order in favor of plaintiff and order denying defendant's motion to continue trial in conformity with the law and with a sufficient factual basis.

¶ 41    For the foregoing reasons, we affirm the judgment of the circuit court.

¶ 42    Affirmed.