2025 IL App (1st) 220565-U

No. 1-22-0565

Order filed March 31, 2025

Second Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 09 CR 21560 |
| | ) | |
| CHARLES GRAHAM, | ) | Honorable |
| | ) | Stanley Sacks, |
| Defendant-Appellant. | ) | Judge, presiding. |

PRESIDING JUSTICE VAN TINE delivered the judgment of the court.
Justices McBride and Ellis concurred in the judgment.

**ORDER**

¶ 1    *Held*:  We vacate the denial of defendant's pleading seeking declaratory judgment and injunctive relief and remand for further proceedings.

¶ 2    Defendant Charles Graham appeals *pro se* from the circuit court's order denying his *pro se* complaint for declaratory judgment and injunctive relief filed pursuant to section 11 of the Freedom of Information Act (FOIA) (5 ILCS 140/11 (West 2022)) and section 2-701 of the Code of Civil Procedure (Code) (735 ILCS 5/2-701 (West 2022)), concerning his requests for

information from defendant, the Chicago Police Department (CPD). On appeal, defendant and the State request remand for further proceedings. We vacate the denial of defendant's complaint for declaratory judgment and injunctive relief, and remand for further proceedings.

¶ 3 Following a bench trial, defendant was found guilty of two counts of aggravated sexual assault and sentenced to consecutive terms of nine years in prison. We affirmed on direct appeal. *People v. Graham*, 2013 IL App (1st) 102098-U.

¶ 4 Defendant subsequently filed *pro se* a petition for relief from judgment pursuant to section 2-1401 of the Code (735 ILCS 5/2-1401 (West 2022)), which the circuit court denied. We granted counsel on appeal leave to withdraw and affirmed the denial of the petition. *People v. Graham*, No. 1-23-1835 (2024) (unpublished summary order under Illinois Supreme Court Rule 23(c)).

¶ 5 On October 29, 2021, using a standardized motion form, defendant mailed from prison the instant *pro se* complaint for declaratory judgment and injunctive relief, which referenced his underlying criminal case number and listed the "Department of Police—City of Chicago" as defendant.[1] Defendant alleged that CPD violated FOIA by failing to produce records relating to his conviction or otherwise answer his requests. Specifically, defendant sought an order compelling CPD to produce (1) the initial complaint the victim signed on November 9, 2009; (2) a redacted copy of the "Police report, Incident report for Misdemeanor Domestic Battery" from November 9, 2009; and (3) a redacted copy of the "Police report, Incident report for Misdemeanor Domestic Battery" from November 6, 2009. Graham attached (1) his FOIA requests from August 12, 2021, and September 1, 2021; (2) a certified mail receipt for a delivery to CPD; and (3) a

---

[1]The motion was stamped received on January 14, 2022.

certificate of service stating that he placed a copy of his complaint in the prison mail system on October 29, 2021. The certificate of service states that a copy of the complaint was sent to CPD.

¶ 6    The complaint was assigned to the criminal division. On February 18, 2022, the matter was transferred within the criminal division to the judge who presided over Graham's underlying criminal case. The half sheet reflects that on March 15, 2022, the court dismissed Graham's complaint and wrote "off call."

¶ 7    In defendant's *pro se* notice of appeal, he stated that the "[t]he criminal court entered a judgment in this civil action," which deprived him of "the right to know the nature of the proceeding which impair[ed] [his] ability to act promptly and intelligently."[2] In his brief on appeal, defendant requests remand for further proceedings pursuant to Illinois Supreme Court Rule 412 (eff. March 1, 2001), *Brady v. Maryland*, 373 U.S. 83 (1963), and FOIA, asserting that the circuit court failed to adequately examine his claim that the State and Chicago Police Department failed to "disclose requested records material to guilt or punishment."

¶ 8    The State represents that defendant appears to have filed duplicative or overlapping causes of action regarding his FOIA requests. Relying on *People v. Velazquez*, 2020 IL App (1st) 181958, the State requests that we vacate the denial of the civil action at issue here for declaratory judgment and injunctive relief and remand with instructions to transfer the case to the Presiding Judge for either reassignment to the appropriate division of the circuit court or disposition as deemed proper.

___

[2]The Office of the State Appellate Defender was appointed to represent defendant on appeal, but counsel later determined that the office was not authorized to represent him in civil proceedings and requested leave to withdraw. On August 10, 2022, this court granted counsel's motion to withdraw. Defendant thereafter filed a *pro se* brief.

¶ 9 In *Velazquez*, the defendant filed a motion for injunctive or declaratory relief in the criminal division and requested relief pursuant to section 11(f) of FOIA. *Id.* ¶¶ 10, 17. The circuit court concluded, however, that the action was filed in the wrong division and dismissed the action, believing it lacked jurisdiction. *Id.* ¶ 11. On appeal, the defendant acknowledged he should have filed his action in the chancery division as it was a motion for injunction or declaratory relief (Cook County Cir. Ct. G.O. 1.2,2.1(b)(1) (Jan. 1, 2008)), and argued the action should have been transferred for reassignment rather than dismissed. *Velazquez*, 2020 IL App (1st) 181958, ¶¶ 1, 17.

¶ 10 We agreed, stating a case filed in the wrong division "does not affect a circuit judge's authority" and should not be dismissed. *Id.* ¶¶ 15-16. Rather, pursuant to the general orders of the Cook County circuit court, if the circuit court determines an action was filed in the wrong division of the court, it " 'shall be transferred to the Presiding Judge of the division or district in which it is pending for the purpose of transferring the action to the Presiding Judge of the proper division or district, or for reassignment to the proper section.' " *Id.* ¶ 16 (quoting Cook County Cir. Ct. G.O. 1.3(c) (Aug. 1, 1996)). Thus, instead of dismissing the defendant's action, the circuit court should have transferred the matter to the Presiding Judge, who has the general administrative authority to transfer the matter to another division in the circuit court. *Id.* ¶¶ 15, 17. We therefore vacated the circuit court's dismissal and remanded the matter so the circuit court could transfer the defendant's action to the Presiding Judge. *Id.* ¶¶ 17, 20.

¶ 11 Here, as in *Velazquez*, defendant filed his complaint for injunctive or declaratory relief in the criminal division, with defendant and the State correctly pointing out on appeal that he should have filed it in the chancery division (Cook County Cir. Ct. G.O. 1.2,2.1(b)(1) (Jan. 1, 2008)). Rather than transfer the action to the Presiding Judge for reassignment, the circuit court dismissed

defendant's complaint. Therefore, following *Velazquez*, we vacate the circuit court's dismissal of the complaint and remand the matter so the circuit court can transfer defendant's action to the Presiding Judge for reassignment or disposition as deemed proper. *Velazquez*, 2020 IL App (1st) 181958, ¶ 17.

¶ 12 For the foregoing reasons, the judgment of the circuit court is vacated, and the cause remanded for further proceedings.

¶ 13 Vacated and remanded.