RICHARD L. PILLER, Plaintiff-Appellee, v. KURT WEIPPERT, Defendant-Appellant.

Second District    No. 2—92—1353

Opinion filed April 27, 1994.

David W. Mandrgoc, of Mandrgoc Law Office, of Dixon, for appellant.

Douglas E. Lee and Charles T. Beckman, both of Ehrmann, Gehlbach, Beckman & Lee, of Dixon, for appellee.

JUSTICE DOYLE delivered the opinion of the court:

Defendant, Kurt Weippert, appeals from the trial court's order awarding $1,958 to plaintiff, Dr. Richard L. Piller, a chiropractor, for services the doctor rendered in treating defendant. Defendant contends that the circuit court was without jurisdiction to award the fees because the services were rendered to defendant to treat a work-related injury and in such a case the chiropractor's sole recovery is pursuant to the Workers' Compensation Act (820 ILCS 305/1 *et seq.* (West 1992)).

■ We first address plaintiff's contention that the appeal should be dismissed because defendant has not complied with Supreme Court Rule 341 in several respects. (145 Ill. 2d R. 341.) Defendant's statement of facts does not, as required by Supreme Court Rule 341(e)(6) (145 Ill. 2d R. 341(e)(6)), consistently refer to the pages of the record on which the facts may be found. In fact, many facts recited in the statement of facts find no basis in the record, and this court will not consider those facts in determining the issue at hand. (*Finance America Commercial Corp. v. Econo Coach, Inc.* (1981), 95 Ill. App. 3d 185.) Plaintiff also correctly points out that Supreme Court Rule 341(e)(5) requires that where, as here, a party relies on a statute to support his argument, a separate section of the brief should set forth the citation to the appropriate statute and the pertinent text. (145 Ill. 2d R. 341(e)(5).) Here, despite the fact that defendant premises his argument on his construction of language in the Physicians Lien Act (770 ILCS 80/0.01 *et seq.* (West 1992)), neither its full citation nor the pertinent text is set forth in a separate section or appendix. Defendant's brief is not in compliance with Supreme Court Rule 341 requirements for briefs. However, we choose to examine the merits of the issues raised given the relative simplicity of the record. *Falk v. Martel* (1991), 210 Ill. App. 3d 557.

Defendant contends that the circuit court had no subject matter jurisdiction over the instant matter because the Physicians Lien Act specifically provides:

> "Every licensed physician practicing in this State who renders services by way of treatment to injured persons, except services rendered under the provisions of the Workers' Compensation Act or the Workers' Occupational Diseases Act, shall have a lien upon all claims and causes of action for the amount of his reasonable charges up to the date of payment of such damages." (770 ILCS 80/1 (West 1992).)

Defendant's argument is that since the Physicians Lien Act specifically exempts liens for services rendered under the provisions of the Workers' Compensation Act, then a physician's sole ability to seek payment must be under the Workers' Compensation Act. Defendant points to language in the Workers' Compensation Act which states that the employer is to pay for all necessary medical services reasonably required to cure or relieve the effects of the accidental injury. (820 ILCS 305/8(a) (West 1992).) From this language, he surmises that it is the employer's duty to pay for all of the medical services so incurred, and the physician's remedies are thereby limited. Defendant argues that the Physicians Lien Act specifically excludes liens and "apparently a right to proceed against an injured

employee." Defendant cites no cases which interpret the Physicians Lien Act or the Workers' Compensation Act in the manner which he urges.

■ We must determine whether a physician may pursue an action directly against the injured worker for amounts unpaid by the employer under the Workers' Compensation Act. In this case, the parties do not clearly indicate how much of Dr. Piller's charges were considered and allowed by the Industrial Commission. From what we can glean from the record, at least a portion of Dr. Piller's total charges was awarded as reasonable medical expenses, but the employer's attorney and the doctor's attorney were mistaken as to the total amount owing, and the award actually covered a small part of the amount charged. The record does contain an agreement signed by defendant stating that he would be responsible for all Dr. Piller's bills and his duty to pay was not contingent on any settled claim, judgment, or verdict.

After carefully considering the Physicians Lien Act, we must disagree with defendant's interpretation of its language as being pertinent to this appeal. Nothing in that Act abrogates the right of the physician to file an action to recover for medical services rendered. The Act relates only to liens, which are not at issue in this case. Therefore, we do not agree with defendant's argument that the legislature, by excepting medical services rendered pursuant to the Workers' Compensation Act from the general language creating a lien for medical services rendered, is intending to limit the physician's entitlement to pursue a small claims action against an injured employee for amounts unpaid after the worker's compensation claim has been settled.

■ Defendant also contends that any ruling by the Industrial Commission as to the amount of reasonable medical fees for which the employer must be liable would be binding on all parties and foreclose any further action by the medical provider as to services rendered against the claimant directly. Again, we do not agree.

As we have already suggested, without a clearer record as to what bills were submitted and what expenses the Industrial Commission rejected, we are left to ponder whether the Industrial Commission made any ruling as to the amount now requested by Dr. Piller. But even assuming that it has, the physician was not a party to the proceedings and his rights were not foreclosed through a determination of the Industrial Commission. In *Oak Park Hospital v. Smuda* (1991), 214 Ill. App. 3d 1032, the appellate court was faced with the issue of whether the circuit court had jurisdiction over a worker's compensation claimant in a citation proceeding. Claimant

claimed at the citation examination that the medical services rendered by plaintiff were part of a pending worker's compensation proceeding. The court determined that the circuit court had jurisdiction because the proceedings of the Industrial Commission involved the employee and employer, not the hospital, and nothing barred the hospital from pursuing its own independent claim against the claimant. Nothing in the Workers' Compensation Act restricted the hospital's avenues of collection from the recipient of the medical services. *Smuda*, 214 Ill. App. 3d 1034.

In this case, plaintiff, Dr. Piller, was not a party to the worker's compensation claim. While a portion of his services was apparently allowed and the employer had a duty to pay that amount to Dr. Piller, nothing in the Workers' Compensation Act restricted the medical provider's avenues of collection from the claimant. Dr. Piller had a right to proceed, as he did, directly against the claimant for amounts unpaid after the Industrial Commission had made its determination.

Defendant alternatively requests that the cause be remanded to allow him to dispute the reasonableness and necessity of the services rendered. Defendant had the opportunity to dispute the amount of fees in the circuit court, but chose not to do so. Accordingly, he has waived any issue regarding the amount of fees awarded. *In re Marriage of Gorsich* (1991), 208 Ill. App. 3d 852, 854.

For the foregoing reasons, the judgment of the circuit court of Lee County is affirmed.

Affirmed.

QUETSCH and BOWMAN, JJ., concur.