*In re* ESTATE OF CAROLYN J. JACKSON, Deceased.

First District (2nd Division)   No. 1—04—1195

Opinion filed December 30, 2004.

■■■■■■■■■■■■■■■■■■■■■■■■■

Timothy R. Tyler, of Timothy R. Tyler & Associates, P.C., of Chicago, for appellants.

Richard Lee Stavins, Howard S. Golden, and Thomas K. Tryboski, all of Robbins, Salomon & Patt, Ltd., of Chicago, for appellee.

JUSTICE WOLFSON delivered the opinion of the court:

The decedent's son, the administrator of her estate, brought a proceeding to recover real property purportedly belonging to the estate. The decedent's two daughters and son-in-law contended the decedent granted the property to the daughters in a quitclaim deed two weeks prior to her death. The trial court granted partial summary judgment for the son and declared the deed invalid. The daughters and son-in-law appeal that decision. We affirm.

FACTS

The decedent, Carolyn J. Jackson, died intestate on May 4, 2002. She left as heirs two daughters, Kimberly R. Jackson and Stephanie M. Tyler, and one son, Darrell B. Jackson, the administrator of the estate. On April 17, 2003, Darrell (petitioner) initiated a proceeding pursuant to section 16—1 of the Probate Act of 1975 (755 ILCS 5/16—1 (West 2002)) for issuance of a citation to recover an asset owned by the decedent—the real property at 11538 S. Elizabeth in Chicago. Named in the petition were respondents Kimberly, Stephanie, and Stephanie's husband, Timothy Tyler (respondents). Tyler is an attorney.

At issue in the proceeding was a "Quit Claim Deed" dated April 20, 2002, conveying the property to Stephanie and Kimberly. The deed indicates it was prepared by Timothy Tyler. The deed is notarized by Norma Herrera, dated April 20, 2002. Although decedent's signature is on the deed, Stephanie admitted in her response to a request to admit facts that the decedent did not sign her name to the deed. Stephanie admitted she wrote the words "Carolyn J. Jackson" on the deed. She also admitted the notary's statement that the decedent personally appeared before her and signed the deed in her presence was false. The deed was recorded on May 24, 2002, three weeks after decedent's death.

In his motion for partial summary judgment, petitioner contended the deed was a nullity because respondents admitted the decedent did not sign the deed conveying the property. In their response, respondents said Stephanie and Timothy had both testified that decedent had asked, authorized, and directed Stephanie to sign the deed for her. Respondents also referred to the discovery depositions of Decota Wilmington and Bernard Lee, who testified that prior to her death, decedent informed them of her desire to convey and leave her house to Stephanie and Kimberly. In his reply, petitioner contended the evidence proffered by respondents was inadmissible because: (1) the testimony was not part of the trial court record; (2) the alleged statements by decedent were hearsay; (3) the testimony of Stephanie and Timothy, as interested parties, was barred by the Dead-Man's Act (735 ILCS 5/8—201 (West 2002)); and (4) Wilmington and Lee's testimony of decedent's future intent was irrelevant to whether decedent directed Stephanie to sign her name to the deed.

None of the deposition testimony to which respondents refer is in the trial record. Apparently, none of the depositions were ever filed in the trial court.

On January 23, 2004, the trial court entered an order finding the deed invalid and entering partial summary judgment for petitioner. The order states:

"The court finds that, while there is no evidence of an intent to forge the deed dated April 20, 2002, *** there is no competent admissible evidence that Decedent directed respondent Stephanie Tyler to sign Decedent's name to the Deed."

Respondents filed a motion to reconsider on February 23, 2004. The trial court denied the motion on March 30, 2004, finding "there was no evidence to show that decedent directed someone to sign her name to a conveyance deed." Respondents filed their notice of appeal on April 9, 2004.

DECISION

First, we must consider our jurisdiction. Respondents incorrectly assert that we have jurisdiction pursuant to Supreme Court Rule 304(a). 155 Ill. 2d R. 304(a). Rule 304(a) does not apply to this appeal. The trial court's order entering partial summary judgment did not contain the requisite language finding there is no just reason for delaying either enforcement or appeal or both. 155 Ill. 2d R. 304(a).

Petitioner suggests this case falls under Supreme Court Rule 304(b)(1), which makes appealable a judgment or order entered in the administration of an estate, guardianship, or similar proceeding which finally determines a right or status of a party. 155 Ill. 2d R. 304(b)(1).

We agree. The order in this case was a final determination of the rights of the parties to the real property. The court found respondents had no right to the property because the deed was invalid, and the property rightfully belonged to the estate. See *In re Estate of Thorpe*, 282 Ill. App. 3d 612, 617, 669 N.E.2d 359 (1996) (order construing will and approving sale of farm was final order that had to be appealed within 30 days under Rule 304(b)(1)); *In re Estate of Mueller*, 275 Ill. App. 3d 128, 139, 655 N.E.2d 1040 (1995) (court's denial of petition to intervene in estate proceedings was a final and appealable order under Rule 304(b)(1)).

Orders within the scope of Rule 304(b)(1), even though entered before the final settlement of estate proceedings, must be appealed within 30 days of entry or be barred. *Estate of Thorpe*, 282 Ill. App. 3d at 616. Petitioner also suggests respondents' appeal is untimely because the tolling provisions of Rule 303 do not apply to appeals filed under Rule 304(b). Rule 303 allows the filing of posttrial motions in the trial court to toll the time for filing a notice of appeal. 155 Ill. 2d R. 303(a)(1).

Here, the respondents filed their appeal within 30 days of the court's order denying their motion to reconsider. Our jurisdiction depends on whether the tolling provision in Rule 303 applies to a Rule 304(b)(1) appeal. Rule 304(a) was amended in 1988 to provide that "[t]he time for filing a notice of appeal shall be as provided in Rule 303." 155 Ill. 2d R. 304(a). The same language is not in Rule 304(b).

In *Burnicka v. Marquette National Bank*, 88 Ill. 2d 527, 530-31, 431 N.E.2d 358 (1982), the Illinois Supreme Court held a motion to reconsider an order granting or denying a section 72 petition (the predecessor to a section 2—1401 petition under the Code of Civil Procedure) tolled the running of the time for filing a notice of appeal from that order. Section 2—1401 orders are appealable under Supreme Court Rule 304(b)(3). 155 Ill. 2d R. 304(b)(3). It is not clear whether that holding also would apply to Rule 304(b)(1).

In *Elg v. Whittington*, 119 Ill. 2d 344, 351, 518 N.E.2d 1232 (1987), which was decided prior to the 1988 amendment, the Supreme Court held the Rule 303 tolling provision did not apply to Rule 304(a). The court distinguished its holding from that of *Burnicka*, finding that "Rule 304(b)(3), unlike Rule 304(a), neither requires a special finding as a prerequisite to an appeal, nor specifies a special date for the running of [a] notice of appeal period." *Elg*, 119 Ill. 2d at 355. In the absence of a special provision for the timing of an appeal, the court said it is fair to infer that Rule 304(b)(3) is governed by Rule 303(a)(1), including its provision for the tolling of an appeal by filing a posttrial motion. *Elg*, 119 Ill. 2d at 355. We believe this reasoning applies to

Rule 304(b)(1), which also does not require a special finding or specify a date for filing a notice of appeal.

We find we have jurisdiction pursuant to Supreme Court Rule 304(b)(1) and find respondents timely filed their notice of appeal within 30 days of the court's disposition of their motion to reconsider. We commend petitioner's attorneys for their candor in raising this issue and their balanced and thorough discussion of the issues throughout their brief.

Unfortunately, the same may not be said of respondents' brief, which contains numerous violations of Supreme Court Rule 341(e). 188 Ill. 2d R. 341(e). Those breaches include: no introductory paragraph stating the nature of the action and the judgment appealed from (Rule 341(e)(2)); no statement of the applicable standard of review (Rule 341(e)(3)); an incorrect statement of the basis for jurisdiction (Rule 341(e)(4)(ii)); no citations to the record in the statement of facts (Rule 341(e)(6)); no citations to the record in the argument portion of the brief (Rule 341(e)(7)); and no table of contents to the record or notice of appeal in the appendix (Rule 341(e)(9); Rule 342(a) (155 Ill. 2d R. 342(a))).

An appellate court has the right to strike an appellant's brief and dismiss the appeal as a result of the appellant's failure to provide a complete statement of facts. *Alderson v. Southern Co.*, 321 Ill. App. 3d 832, 845, 747 N.E.2d 926 (2001). A party's failure to comply with Rule 341 is grounds for disregarding its arguments on appeal. *Jeffrey M. Goldberg & Associates, Ltd. v. Collins Tuttle & Co.*, 264 Ill. App. 3d 878, 886, 637 N.E.2d 1103 (1994).

Even if we were to consider the merits of respondents' appeal, the absence of a record made at trial compels us to dismiss their appeal. Respondents contend decedent directed her daughter Stephanie to sign decedent's name to the deed, and decedent had told other witnesses that she wanted to leave her house to Stephanie and Kimberly. We do not address these claims because none of them is supported by evidence in the record. This court will not consider facts recited in an appellant's statement of facts that find no basis in the record. *Piller v. Weippert*, 260 Ill. App. 3d 677, 679, 633 N.E.2d 174 (1994). It is the appellant's burden to provide a complete record on appeal in order to facilitate a meaningful review. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92, 459 N.E.2d 958 (1984). In the absence of such a record, we presume the trial court's order had a sufficient factual basis and conformed with the law. *Foutch*, 99 Ill. 2d at 392. We resolve all doubts arising from the incompleteness of the record against the appellant. *Foutch*, 99 Ill. 2d at 392. A last-minute attempt to supplement the appellate record with documents never presented to the trial court is of no avail.

The trial court found there was no evidence that decedent directed anyone to sign the deed for her and declared the deed invalid. We affirm the trial court's finding and judgment for petitioner.

Affirmed.

BURKE, P.J., and GARCIA, J., concur.