2020 IL App (2d) 190844-U
No. 2-19-0844
Order filed April 29, 2020

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| *In re* Estate of DANIEL HORENBERGER, Deceased | ) ) ) ) ) | Appeal from the Circuit Court of McHenry County.<br><br>No. 16-PR-368 |
| (Nora L. Stauber, Administrator-Appellant, v. William R. Berkley and Traci J. Lerner, Claimants-Appellees). | ) ) ) ) | Honorable Michael J. Chmiel, Judge, Presiding. |

JUSTICE SCHOSTOK delivered the judgment of the court.
Presiding Justice Birkett and Justice Hutchinson concurred in the judgment.

**ORDER**

¶ 1 *Held*: Administrator's appeal is dismissed for lack of jurisdiction.

¶ 2 In August 2018, the circuit court of McHenry County entered an order that reflected the agreement of the administrator of decedent Daniel Horenberger's estate, Nora Stauber, and claimants William Berkley and Traci Lerner as to how the decedent's estate would be distributed. On May 1, 2019, the trial court granted Berkley and Lerner's petition to enforce the administrator's compliance with the August 2018 agreed order. The administrator appeals from the trial court's May 1, 2019, order. We dismiss the administrator's appeal for lack of jurisdiction.

¶ 3                                        I. BACKGROUND

¶ 4 The decedent was in the business of restoring and selling carousels. On November 10, 2016, the decedent died intestate. On December 2, 2016, Stauber was appointed the independent administrator of the decedent's estate. In 2017, both Berkley and Lerner filed claims against the estate. The claims asserted that the decedent had been advanced substantial sums of money to refurbish and restore several carousels. The claims further asserted that the carousels had been damaged because they had not been properly stored.

¶ 5 On August 17, 2018, the trial court entered an order that reflected the parties' agreement as to how the decedent's estate would be distributed. Specifically, the order provided that: (1) the administrator and her husband's fees and expenses of $58,557.80 were allowed; (2) the administrator's attorney's expenses of $10,192.47 were granted; (3) Lerner's claim for $1.374 million was allowed; (4) Berkley's claim for $2.65 million was allowed; (5) the administrator's right to petition for attorney fees was reserved; (6) Berkley and Lerner would purchase the decedent's Marengo property at fair market value; (7) Berkley and Lerner would have access to the decedent's personal property; (8) any income taxes that were a *bona fide* claim against the estate would be paid in the order of priority provided by law; and (9) the claims of Rosa Patton, Joe Bjork, and TransGroup Worldwide would be paid in full.

¶ 6 On January 15, 2019, the administrator filed her first amended second interim account and report of administration. The report indicated that the estate had cash of $206,627.48 and also had the decedent's Marengo property and his personal property therein. The report further indicated that the administrator had paid her own fees ($10,000), reimbursed herself for expenses ($20,475.96), paid fees to her husband ($20,000), reimbursed her husband for expenses ($41,938.82), reimbursed her attorney for expenses ($10,192.47) and paid her attorney fees ($42,590).

¶ 7 On January 21, 2019, Berkley and Lerner filed a petition seeking to enforce the administrator's compliance with the agreed order and directing her to transfer the Marengo property and personal property to them.

¶ 8 On March 13, 2019, the administrator filed her response and requested that Berkley and Lerner's petition be denied and deferred until all the administration expenses and claims having higher priority were paid. The administrator asserted that no federal or state estate taxes were due. However, she stated that there remained possible tax liability for the returns that the decedent had not filed. She speculated that the tax liability could exceed $250,000. She also asserted that the claims of Patton (for $4,850), TransGroup Worldwide (for $10,893.50) and Bjork (for $1,310) had not yet been paid.

¶ 9 On May 1, 2019, the trial court granted Berkley and Lerner's petition. The trial court noted that the crux of the litigation involved the August 2018, agreed order. That order reflected the parties' agreement that Berkley and Lerner would purchase the decedent's Marengo property and would have access to the decedent's personal property located at the Marengo property. The trial court noted that the administrator was not requesting that the August 2018 order be modified, only that it not be enforced as to Berkley and Lerner's claims. The trial court stated that the administrator's request was based on her concern that the estate was insufficient to pay certain obligations, such as taxes. The trial court found, however, that the August 2018 order "should remain as entered." The trial court explained:

> "[The administrator's] vague references to the value [of the estate] at this late date—now eight months after the parties resolved the claims of Berkley and Lerner and [they had] come to take positions based upon such resolutions, are not found to be reliable to thwart enforcement of [the August 2018] [o]rder."

The trial court therefore ordered that Berkley and Lerner purchase the Marengo property and that all property therein be sold and that Berkley and Lerner receive the proceeds.

¶ 10 On August 28, 2019, the trial court denied the administrator's motion to reconsider.

¶ 11 On September 11, 2019, the administrator filed a motion for a finding pursuant to Rule 304(a) (Ill. S. Ct. R. 304(a) (eff. March 8, 2016)) and for a stay pending appeal.

¶ 12 On September 25, 2019, the administrator filed a notice of appeal pursuant to Rule 304(b)(1) (Ill. S. Ct. R. 304(b)(1) (eff. March 8, 2016)).

¶ 13 On October 11, 2019, the trial court denied the administrator's motion for a Rule 304(a) finding and for a stay pending appeal.

¶ 14 On November 1, 2019, the administrator filed a motion for stay pending appeal in this court. On November 19, 2019, we denied her motion.

¶ 15 On January 21, 2020, the administrator executed both an executor's deed and a bill of sale transferring the Marengo property and all the personal property contained therein to Berkley and Lerner.

¶ 16                                     II. ANALYSIS

¶ 17 Initially, we must consider whether this court's jurisdiction has been properly invoked since, without jurisdiction over the matter, this court may not consider the appeal. *In re Estate of Vogt*, 249 Ill. App. 3d 282, 284 (1993). As stated above, jurisdiction is invoked pursuant to Rule 304(b)(1) which states:

> "The following judgments and orders are appealable without the finding required for appeals under paragraph (a) of this rule:

(1) A judgment or order in the administration of an estate, guardianship, or similar proceeding which finally determines a right or status of a party." Ill. S. Ct. R. 304(b)(1) (eff. March 8, 2016).

¶ 18 The administrator contends that the trial court's May 1, 2019, "order was final because it will result in the disbursement of nearly the entire assets of the [e]state" and thereby guarantees that claimants who had higher priority under both the federal and state law will remain unpaid. We disagree.

¶ 19 Rule 304(b)(1) promotes efficiency and provides certainty by allowing appeal as to some issues as they are resolved during the administration of an estate. *Yardley v. Yardley*, 137 Ill. App. 3d 747, 750-51 (1985). However, not every order entered in an estate proceeding may be immediately appealed. For appellate jurisdiction, the order must "finally" determine the right or status of a party. *In re Estate of Devey*, 239 Ill. App. 3d 630, 633 (1993).

¶ 20 The Committee Comments to Rule 304(b)(1) state:

"Subparagraph (1) applies to orders that are final in character although entered in comprehensive proceedings that include other matters. Examples are an order admitting or refusing to admit a will to probate, appointing or removing an executor, or allowing or disallowing a claim."

Orders within the scope of Rule 304(b)(1) must be appealed within 30 days of entry or be barred. *In re Estate of Jackson*, 354 Ill. App. 3d 616, 619 (2004).

¶ 21 Here, the trial court's August 2018 order specifically stated that Berkley and Lerner's claims were allowed. It also ordered that the decedent's Marengo home be sold to Berkley and Lerner and that they receive the personal property from that home as well. Those are the parts of the August 2018 order that the administrator now complains the trial court should have not

enforced in its May 1, 2019, order. However, if the administrator was concerned about the August 2018 order, she should have timely appealed from that order. Her failure to timely appeal from the August 2018 order now bars us from considering the merits of her appeal. *Jackson*, 354 Ill. App. 3d at 619.

¶ 22 In so ruling, we necessarily reject the administrator's argument that we should find the August 2018 order ambiguous and therefore vacate it. As stated above, the administrator is seeking review pursuant to Rule 304(b). In order to review that order, she had to file her appeal within 30 days of that order. Because she did not, we cannot consider the propriety of the August 2018 order. *Id.*

¶ 23 As a final matter, we note that Berkley and Lerner asks us to impose sanctions against the administrator for filing and maintaining a frivolous appeal. They insist that once the administrator completed the transfer of all of the estate's assets, her appeal became moot and should have been withdrawn. They argue that the administrator's conduct should be sanctioned because it has caused them needless expenses.

¶ 24 Rule 375(b) allows this court to impose an appropriate sanction upon any party or the party's attorney if we determine that the appeal is frivolous or not taken in good faith. Ill. S. Ct. R. 375(b) (eff. Feb. 1, 1994). An appeal will be deemed frivolous "where it is not reasonably well grounded in fact and not warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law." *Id.* The test to determine whether an appeal is frivolous is based upon an objective standard of conduct. *Kubiak v. City of Kewanee*, 228 Ill. App. 3d 605, 607 (1992). "The purpose of Rule 375(b) is to condemn and punish the abusive conduct of litigants and their attorneys who appear before us." *Fraser v. Jackson*, 2014 IL App (2d) 130283, ¶ 51.

Imposition of sanctions under Rule 375(b) is left strictly to our discretion. *Garlick v. Bloomingdale Twp.*, 2018 IL App (2d) 171013, ¶ 59.

¶ 25 Here, the administrator's stated purpose for bringing this appeal was her concern that the estate would not be able to pay all the taxes that may come due. We do not believe that is was a frivolous or bad-faith reason to bring an appeal. We therefore decline Berkley and Lerner's request to impose sanctions.

¶ 26                                          III. CONCLUSION

¶ 27 For the reasons stated, the administrator's appeal is dismissed.

¶ 28 Appeal dismissed.