2021 IL App (1st) 201307-U

No. 1-20-1307

Order filed January 4, 2021

Second Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| LOLITHA BELL, | ) | Appeal from the |
| | ) | Circuit Court of |
| Petitioner-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 20 OP 73155 |
| | ) | |
| JADA LEE, | ) | Honorable |
| | ) | Thomas M. Cushing, |
| Respondent-Appellant. | ) | Judge, presiding. |

JUSTICE COBBS delivered the judgment of the court.
Presiding Justice Fitzgerald Smith and Justice Lavin concurred in the judgment.

**ORDER**

¶ 1    *Held*: We affirm the trial court's judgment where respondent has not presented a sufficient record for our review of her claims.

¶ 2    Respondent Jada Lee appeals *pro se* from the trial court's plenary stalking no contact order prohibiting her from stalking or contacting petitioner Lolitha Bell and other protected parties. On appeal, respondent argues that the trial court erred by not allowing her to present evidence in her

favor, allowing the introduction of evidence from a mediation, and disregarding her motion to vacate the order of protection. We affirm.

¶ 3     The record on appeal lacks a report of proceedings. The following facts are adduced from the common law record, which includes the court's docket entries, orders, and petitioner's *pro se* petitions.

¶ 4     On May 28, 2020, petitioner filed a *pro se* emergency petition for a stalking no contact order against respondent, who lived in petitioner's apartment building. Petitioner outlined several incidents from the prior 18 months where respondent threatened petitioner and her family. Petitioner requested the court order respondent have no contact with petitioner and other named persons and prohibit respondent from knowingly coming within 100 feet of petitioner's residence. That day, the court denied petitioner's emergency petition, finding insufficient evidence of stalking, and continued the petition for a hearing on a plenary order of protection.

¶ 5     On June 6, 2020, petitioner filed a *pro se* amended emergency petition for a stalking no contact order, alleging that on April 16, 2020, respondent cut petitioner "on her lip and gums" with a pocket knife in the apartment building. That day, the court granted the emergency petition, and prohibited respondent from stalking, threatening to stalk, or contacting petitioner and the other named persons, and from knowingly coming within 20 feet of petitioner's residence.[1] The court also ordered "no contact by any means; no unlawful contact." The case was continued to July 31, 2020.

¶ 6     On July 31, 2020, the court entered an order dismissing the proceedings because neither party was in court. Petitioner filed a motion to vacate the dismissal. On September 4, 2020, the

---

[1] The order protected six other individuals, none of whom are parties to this appeal.

court continued the motion to vacate to September 30, 2020, and ordered the parties to contact the Center for Conflict Resolution "immediately." On September 30, 2020, the court granted petitioner's motion to vacate the dismissal and reinstate the petition pending a hearing on December 2, 2020.

¶ 7    On December 2, 2020, the court entered a plenary stalking no contact order prohibiting respondent from stalking, threatening to stalk, or contacting the petitioner and the other named persons, or coming within 100 feet of petitioner's residence. The court also ordered "[n]o contact by any means." The order was effective until December 2, 2021, at 5 p.m.

¶ 8    On December 7, 2020, respondent filed a notice of appeal. Then, on March 17, 2021, respondent filed a motion to vacate the plenary order. The record on appeal does not indicate whether the court disposed of this motion.

¶ 9    On July 26, 2021, this court entered an order taking the case on respondent's *pro se* brief only. See *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133 (1976).

¶ 10    On appeal, respondent contends that the trial court erred in granting the plenary stalking no contact order by not allowing her to present evidence in her favor and allowing the introduction of evidence from the mediation. Respondent also argues that the court erred in "disregarding" her motion to vacate the plenary order.

¶ 11    As an initial matter, we note that respondent's brief fails to comply with several of the supreme court rules governing appellate briefs. For example, her brief does not contain, *inter alia*, a statement of the facts necessary to understanding the case, stated accurately and fairly without argument or comment; an argument section containing citations either to the record or to legal authority supporting her claims; or an appendix containing a table of contents and materials from

the record pertinent to the appeal. See Ill. S. Ct. R. 341(h)(6), (7), (9) (eff. Oct. 1, 2020); R. 342 (eff. Oct. 1, 2019).

¶ 12    A reviewing court is entitled to briefs that present an organized and coherent legal argument in accordance with the supreme court rules. *Twardowski v. Holiday Hospitality Franchising, Inc.*, 321 Ill. App. 3d 509, 511 (2001). A party's status as a *pro se* litigant does not relieve her obligation to comply with appellate practice rules. *Fryzel v. Miller*, 2014 IL App (1st) 120597, ¶ 26. The supreme court rules are not suggestions, and we may strike a brief for failure to comply with the rules. *McCann v. Dart*, 2015 IL App (1st) 141291, ¶ 12. Likewise, we have the authority to dismiss an appeal where the appellant's brief does not comply with Rule 341's requirements. *Epstein v. Davis*, 2017 IL App (1st) 170605, ¶ 22.

¶ 13    Regardless, it is clear from respondent's brief that she challenges the December 2, 2020, stalking no contact order, and the court's "disregarding" her March 17, 2021, motion to vacate. We, therefore, elect not to dismiss defendant's appeal due to its Rule 341 deficiencies. See *Estate of Jackson*, 354 Ill. App. 3d 616, 620 (2004) (the reviewing court may review the merits of the appeal, even in light of multiple Rule 341 deficiencies).

¶ 14    Nevertheless, respondent's appeal fails because she did not provide an adequate record on appeal for this court's review. Respondent, as the appellant, has the burden to provide a sufficiently complete record to support a claim of error. *Webster v. Hartman*, 195 Ill. 2d 426, 432 (2001); see Ill. S. Ct. R. 321 (eff. Feb. 1, 1994); R. 323 (eff. July 1, 2017). Absent such a record, we must presume the trial court acted in conformity with the law and with a sufficient factual basis for its findings. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984). Any doubts which may arise from the incompleteness of the record will, therefore, be resolved against the appellant. *Id.* at 392.

¶ 15    Here, the record on appeal does not contain a report of proceedings, a bystander's report, or an agreed statement of facts. See Ill. S. Ct. R. 323(a), (c), (d) (eff. July 1, 2017). Without such record, we cannot determine the facts presented by the parties at the hearing, the admissibility of evidence and other legal issues, or whether support exists for respondent's claims that the trial court barred her evidence. Due to the inadequate record, we must presume that the trial court acted in conformity with the law and had a sufficient factual basis for its findings. See *Foutch*, 99 Ill. 2d at 391-92.

¶ 16    Respondent additionally contends the court erred by disregarding her March 17, 2021, motion to vacate the plenary order. As an initial matter, the record does not contain any disposition by the trial court for this motion. We therefore cannot determine whether the court did, in fact, disregard the motion. That motion, moreover, was untimely filed after the period for filing postjudgment motions and also after the filing of the notice of appeal. See 735 ILCS 5/2-1203(a) (West 2020) (in cases tried without a jury, any party may, within 30 days after the entry of judgment, file a motion to vacate the judgment); Ill. S. Ct. R. 303(a)(1)-(2) (eff. July 1, 2017) (a notice of appeal must be filed within 30 days after the entry of the final judgment appealed from or within 30 days of the order disposing of a timely postjudgment motion).

¶ 17    In sum, where the record on appeal is insufficient for our review, we must presume the trial court's order conformed with the law and had a sufficient factual basis. See *Foutch*, 99 Ill. 2d at 391-92. Accordingly, we affirm the trial court's ruling.

¶ 18    Affirmed.