2023 IL App (1st) 221079-U

No. 1-22-1079

Order filed August 1, 2023

Second Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| HANNA MARIA ZALEWSKI, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | No. 21 M3 7122 |
| | ) | |
| KAZIMIERZ WITEK, | ) | Honorable |
| | ) | Kevin M. O'Donnell, |
| Defendant-Appellee. | ) | Judge, presiding. |

PRESIDING JUSTICE FITZGERALD SMITH delivered the judgment of the court. Justices Howse and Ellis concurred in the judgment.

**ORDER**

¶ 1   *Held*:   We affirm the trial court's judgment where plaintiff has not presented a sufficient record for our review of her claims.

¶ 2   Plaintiff Hanna Maria Zalewski appeals *pro se* from the trial court's order entering judgment in favor of defendant Kazimierz Witek in plaintiff's suit for possession of certain personal property formerly belonging to her deceased brother. On appeal, plaintiff argues that the

trial court erred in finding defendant credible and her not credible, and wrongly denied her an order of protection against defendant. We affirm.

¶ 3    The record on appeal lacks a report of proceedings. The following facts are adduced from the common law record, which includes the court's docket entries, orders, and plaintiff's *pro se* motions.

¶ 4    Plaintiff's claim against defendant arose from an incident in 2020 where defendant assisted plaintiff in sorting through the belongings of Grzegorz Zalewski, plaintiff's deceased brother.[1] Plaintiff asserted that defendant misappropriated Grzegorz's truck, motorcycle, tools, firearms, and other belongings.

¶ 5    According to the case summary, plaintiff, proceeding *pro se*, initiated proceedings against defendant on December 22, 2021. The record does not contain a complaint. On February 18, 2022, the court scheduled mediation for April 29, 2022.

¶ 6    On April 29, 2022, the court entered a form order that included a checked box indicating that judgment was entered for defendant "after trial." The order noted that the court found "[d]efendant to be credible and [p]laintiff lacking in substantiation and not credibility [*sic*]." Further, "[t]he court found that the [d]efendant rendered $8,690 in time and material [*sic*] in return for the property which was of lesser value."

¶ 7    On May 10, 2022, plaintiff filed a motion to reconsider. She argued that defendant lied to the court about charging a $55 hourly rate to sort Grzegorz's property and presented photographs of tools that did not belong to Grzegorz. Plaintiff sought to recover Grzegorz's truck, motorcycle,

---

[1] As plaintiff and her brother have the same last name, we refer to her brother by his first name.

tools, and other belongings from defendant's house. Plaintiff also requested an order of protection against defendant.

¶ 8 Plaintiff attached emails she sent to defendant accusing him of "appropriat[ing]" Grzegorz's belongings, including his tools, motorcycle, and truck. In the emails, plaintiff asserted that she transferred the titles of the truck and motorcycle to defendant so that he could help sell them. Plaintiff also included two emails to a Palatine police officer, one of which contained a message in Polish purportedly from defendant, which, according to plaintiff, established that defendant stated that he would return Grzegorz's weapons; instead, he sold a rusty shotgun for $60 and gave the proceeds to plaintiff. Plaintiff also attached a Palatine police report regarding the incident, a signed statement from "Jan Wegrzyniak" claiming to have moved Grzegorz's belongings from his bedroom into his truck, and a Facebook post about "Greg" Zalewski's character.

¶ 9 On June 30, 2022, after a hearing, the court denied plaintiff's motion to reconsider in a written order.[2] The court found that plaintiff alleged no new legal or factual bases for relief. The court also noted that defendant "agreed to turn over to [plaintiff] a box of papers which belonged to her late brother with such exchange to take place at a police station at an agreed upon time."

¶ 10 On July 19, 2022, plaintiff filed a timely notice of appeal. On March 8, 2023, this court entered an order taking the case on plaintiff's *pro se* brief only. See *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133 (1976).

---

[2] The order states that defendant filed a written response to plaintiff's motion on May 25, 2022; however, the record does not contain the response.

¶ 11 On appeal, plaintiff contends that the trial court erred in ruling in favor of defendant. Specifically, she argues that defendant lied to the court about charging her a $55 hourly fee for emptying Grzegorz's storage unit. Rather, plaintiff contends defendant offered to empty the storage unit, return Grzegorz's belongings, and help sell Grzegorz's truck and motorcycle in exchange for Grzegorz's tools. According to plaintiff, defendant kept most of the property, including the vehicles. Plaintiff also argues that the court erred in not granting her an order of protection because she was afraid of defendant due to two incidents where her vehicle was damaged.

¶ 12 As an initial matter, we note that plaintiff's brief fails to comply with several of the supreme court rules governing appellate briefs.[3] For example, her brief does not contain, *inter alia*, a "Points and Authorities" statement; a statement of jurisdiction; a statement of the facts necessary to understanding the case, stated accurately and fairly without argument or comment; or an argument section containing citations either to the record or to legal authority supporting her claims. See Ill. S. Ct. R. 341(h)(1), (4), (6), (7) (eff. Oct. 1, 2020).

¶ 13 A reviewing court is entitled to briefs that present an organized and coherent legal argument in accordance with the supreme court rules. *Twardowski v. Holiday Hospitality Franchising, Inc.*, 321 Ill. App. 3d 509, 511 (2001). A party's status as a *pro se* litigant does not relieve her obligation to comply with appellate practice rules. *Fryzel v. Miller*, 2014 IL App (1st) 120597, ¶ 26. The supreme court rules are not suggestions, and we may strike a brief for failure to comply with the rules. *McCann v. Dart*, 2015 IL App (1st) 141291, ¶ 12. Likewise, we have the

---

[3] Additionally, plaintiff attaches several documents to the appendix of her appellate brief which do not appear in the record on appeal, including photographs and photocopies of checks written to the Illinois Department of Revenue and Secretary of State. We cannot consider these documents for the first time on appeal. See *Allstate Insurance Co. v. Kovar*, 363 Ill. App. 3d 493, 499 (2006).

authority to dismiss an appeal where the appellant's brief does not comply with Rule 341's requirements. *Epstein v. Davis*, 2017 IL App (1st) 170605, ¶ 22.

¶ 14    Regardless, it is clear from plaintiff's brief that she challenges the court's April 29, 2022, judgment in favor of defendant, and June 30, 2022, denial of her motion to reconsider. We, therefore, elect not to dismiss defendant's appeal due to its Rule 341 deficiencies. See *Estate of Jackson*, 354 Ill. App. 3d 616, 620 (2004) (the reviewing court may review the merits of the appeal, even in light of multiple Rule 341 deficiencies).

¶ 15    Nevertheless, plaintiff's appeal fails because she did not provide an adequate record on appeal for this court's review. Plaintiff, as the appellant, has the burden to provide a sufficiently complete record to support a claim of error. *Webster v. Hartman*, 195 Ill. 2d 426, 432 (2001); see Ill. S. Ct. R. 321 (eff. Oct. 1, 2021); R. 323 (eff. July 1, 2017). Absent such a record, we must presume the trial court acted in conformity with the law and with a sufficient factual basis for its findings. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984). Any doubts which may arise from the incompleteness of the record will, therefore, be resolved against the appellant. *Id.* at 392.

¶ 16    Here, the record on appeal does not contain a report of proceedings, a bystander's report, or an agreed statement of facts. See Ill. S. Ct. R. 323(a), (c), (d) (eff. July 1, 2017). The record is also missing plaintiff's complaint and defendant's written response to plaintiff's motion to reconsider. Without such record, we cannot determine the facts presented by the parties at the trial and hearing for the motion to reconsider, the reasons for the court's credibility determinations, the admissibility of evidence and other legal issues, or whether support exists for plaintiff's claim that the trial court erred in not issuing an order of protection. Due to the inadequate record, we must

presume that the trial court acted in conformity with the law and had a sufficient factual basis for its findings. See *Foutch*, 99 Ill. 2d at 391-92.

¶ 17     In sum, where the record on appeal is insufficient for our review, we must presume the trial court's order conformed with the law and had a sufficient factual basis. See *id.* Accordingly, we affirm the trial court's ruling.

¶ 18     Affirmed.