2024 IL App (1st) 230898-U

Fifth Division
May 3, 2024

No. 1-23-0898

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST DISTRICT
_____

| | | |
|---|---|---|
| JONATHAN L. BARBER, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 22 M1 12296 |
| | ) | |
| VASYL KOKHAN, | ) | Honorable |
| | ) | Elizabeth A. Walsh, |
| Defendant-Appellant. | ) | Judge presiding. |

_____

JUSTICE MIKVA delivered the judgment of the court.
Presiding Justice Mitchell and Justice Lyle concurred in the judgment.


**ORDER**

¶ 1    *Held*:    We affirm the trial court's judgment where defendant has not presented any basis for us to reverse the trial court.

¶ 2    Defendant Vasyl Kokhan appeals *pro se* from the trial court's order entering judgment in favor of plaintiff Jonathan L. Barber in this breach of contract action. On appeal, Mr. Kokhan argues that Mr. Barber is the one who breached the parties' contract regarding the repair of Mr. Barber's vehicle and that Mr. Kokhan fulfilled his contractual obligations. For the reasons that follow, we affirm.

¶ 3                                    I. BACKGROUND

¶ 4     The record on appeal lacks a report of proceedings. As such, the following facts are adduced from the common law record, which includes the court's docket entries, orders, and Mr. Barber's *pro se* complaint.

¶ 5     On May 27, 2022, Mr. Barber filed a *pro se* complaint against Mr. Kokhan, alleging breach of contract. Mr. Barber claimed that Mr. Kokhan rear-ended his vehicle in Miami Beach, Florida. During a phone conversation the parties had on February 19, 2022, Mr. Kokhan agreed to restore Mr. Barber's vehicle to its condition before the accident. Mr. Barber documented the condition of his vehicle after the accident. Mr. Kokhan then conducted "some repairs," but the work was of poor quality and incomplete. Mr. Barber sought $10,000 in damages.

¶ 6     The matter was set for a bench trial on May 1, 2023. On May 12, 2023, the trial court entered a one-page written order noting that the trial occurred and that the court was "fully advised in the premises." The court found that the parties entered into a valid and enforceable contract to settle the property damage from the accident. Pursuant to that agreement, Mr. Kokhan was required to restore Mr. Barber's vehicle to its pre-accident condition. The contract provided that, by agreement of the parties, the vehicle was "to be evaluated by an independent mechanic" to determine if the vehicle was restored to pre-accident condition. The court found that, as corroborated by the trial exhibits (which are not included in the record on appeal), Mr. Barber credibly testified that the mechanic who evaluated the vehicle was independent. He was not required to obtain additional evaluations after Mr. Kokhan rejected the initial evaluation. The court ruled that Mr. Kokhan breached the contract and entered judgment for Mr. Barber in the amount of $5891.86, noting that the request for greater damages was not supported by the record.

¶ 7                                    II. JURISDICTION

¶ 8      The trial court entered judgment in favor of Mr. Barber on May 12, 2023, and Mr. Kokhan timely filed his notice of appeal on May 17, 2023. We have jurisdiction over this appeal pursuant to Illinois Supreme Court Rules 301 (eff. Feb. 1, 1994) and 303 (eff. July 1, 2017), governing appeals from final judgments entered by the trial court in civil cases.

¶ 9                                    III. ANALYSIS

¶ 10      On appeal, Mr. Kokhan contends that the trial court erred by entering judgment in Mr. Barber's favor. Specifically, he argues that he performed the necessary repairs to Mr. Barber's vehicle, that he restored it to its pre-accident condition, and that Mr. Barber breached the contract by "deliberately abstaining from seeking the opinion of an impartial expert."

¶ 11      On February 22, 2024, this court entered an order taking this appeal on Mr. Kokhan's *pro se* brief only. See *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133 (1976) (noting that "if the record is simple and the claimed errors are such that the court can easily decide them without the aid of the appellee's brief, the court of review should decide the merits of the appeal).

¶ 12      As an initial matter, Mr. Kokhan's brief fails to comply with many of the requirements of Illinois Supreme Court Rule 341 (eff. Apr. 1, 2024), which governs the content of appellate briefs. For example, his brief does not contain a statement of jurisdiction (see Ill. S. Ct. R. 341(h)(4) (eff. Apr. 1, 2024)), a statement of facts containing the facts necessary to understand the case "stated accurately and fairly without argument or comment" and with references to the record (see Ill. S. Ct. R. 341(h)(6) (eff. Apr. 1, 2024)), or an argument section containing citations either to the record or to legal authority supporting his claims (see Ill. S. Ct. R. 341(h)(7) (eff. Apr. 1, 2024)). A party's

status as a *pro se* litigant does not relieve him of his obligation to comply with the applicable appellate practice rules (*Fryzel v. Miller*, 2014 IL App (1st) 120597, ¶ 26), and we have the authority to dismiss an appeal where the appellant's brief does not comply with Rule 341's requirements (*Epstein v. Davis*, 2017 IL App (1st) 170605, ¶ 22).

¶ 13    Despite its deficiencies, it is clear from Mr. Kokhan's brief that he is challenging the May 12, 2023, trial court order entering judgment in favor of Mr. Barber. We therefore elect not to dismiss the appeal for failure to comply with Rule 341. See *Estate of Jackson*, 354 Ill. App. 3d 616, 620 (2004) (the reviewing court may review the merits of the appeal, even in light of multiple Rule 341 deficiencies).

¶ 14    On the merits, Mr. Kokhan's appeal fails because he did not provide this court with any basis upon which to reverse the trial court. Mr. Kokhan, as the appellant, has the burden to provide a sufficiently complete record to support a claim of error. *Webster v. Hartman*, 195 Ill. 2d 426, 432 (2001); see Ill. S. Ct. R. 321 (eff. Apr. 1, 2024); Ill. S. Ct. R. 323 (eff. July 1, 2017). Absent such a record, we must presume the trial court acted in conformity with the law and with a sufficient factual basis for its findings. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984). Any doubts which may arise from the incompleteness of the record must, therefore, be resolved against the appellant. *Id*. at 392.

¶ 15    Here, the record on appeal demonstrates the trial court held a bench trial at which the parties presented testimony and exhibits. The record does not contain a report of proceedings from the trial, a bystander's report, or an agreed statement of facts. See Ill. S. Ct. R. 323(a), (c), (d) (eff. July 1, 2017). Nor does it include the exhibits the court considered. Consequently, we have no basis on which we could reverse the trial court. We cannot determine on this record that the facts

presented by the parties at trial failed to support the trial court's findings. We cannot assess the court's rulings regarding the admissibility of evidence and other legal issues or say that any support exists for Mr. Kokhan's claim that he fulfilled his contractual obligations. Due to the inadequate record, we must presume that the trial court acted in conformity with the law and with a sufficient factual basis for its findings. See *Foutch*, 99 Ill. 2d at 391-92.

¶ 16                                   IV. CONCLUSION

¶ 17      For all of the above reasons, we affirm the judgment of the trial court in Mr. Barber's favor.

¶ 18      Affirmed.