2025 IL App (1st) 241415-U

No. 1-24-1415

Order filed June 3, 2025

Second Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| JHANNA L. HALL, | ) | Appeal from the |
| | ) | Circuit Court of |
| Petitioner-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 23 OP 80453 |
| | ) | |
| DEVON J. TAYLOR, | ) | Honorable |
| | ) | Marina E. Ammendola, |
| Respondent-Appellant. | ) | Judge, presiding. |

_____

PRESIDING JUSTICE VAN TINE delivered the judgment of the court.
Justices McBride and Ellis concurred in the judgment.

**ORDER**

¶ 1     *Held*:   We affirm the trial court's plenary civil order of protection where respondent has
           not presented a sufficient record for our review of his claims.

¶ 2     Respondent Devon J. Taylor appeals *pro se* from the trial court's plenary civil order of

protection prohibiting him from, *inter alia*, contacting, harassing, and abusing petitioner Jhanna

L. Hall and her household members. On appeal, respondent argues that the trial court did not

provide him information regarding representation, was biased, failed to review the evidence adequately, and made its decision based on "unsubstantial evidence." We affirm.

¶ 3　　The record on appeal lacks a report of proceedings. The following facts are adduced from the common law record.

¶ 4　　On November 30, 2023, petitioner filed a *pro se* petition for an emergency order of protection against respondent, with whom she had a dating relationship. Petitioner stated that on November 27, 2023, petitioner refused respondent's sexual advances, but he "forced [her] out of [her] shorts" and "came onto" her. Petitioner attempted to fight respondent, but he held her down and raped her. According to petitioner, respondent continued to call and text her. Petitioner requested that respondent be ordered not to harass her, not to communicate with her, to stay away from her and her workplace, and not damage a vehicle. Petitioner also requested possession of a dog named Pacey. That day, the court granted the emergency order of protection ordering respondent not to threaten or abuse petitioner and three named household members, to stay away from them and petitioner's place of employment, and not to interfere with her vehicle or residence. The court also granted possession of petitioner's residence exclusively to her.

¶ 5　　The case was continued several times, pending service on respondent. Respondent filed an appearance on January 31, 2024.

¶ 6　　The court set a hearing on June 10, 2024, and ordered the parties to exchange exhibits for the hearing on or before May 20, 2024. On April 24, 2024, respondent filed a motion to vacate the order of protection, arguing that he did not sexually abuse petitioner and had "evidence," including dated screenshots of her "stalking" him on social media. On May 3, 2024, the court denied

respondent's motion without prejudice. The order stated that "[d]isputed facts to be heard at the June 10, 2024 2:00 [h]earing."

¶ 7    On June 10, 2024, the court entered a plenary civil order of protection against respondent, prohibiting him from abusing, harassing, stalking, and interfering with petitioner's and her household members' personal liberty, granting petitioner exclusive possession of her residence, prohibiting respondent from entering petitioner's workplace, and ordering respondent to stay away from petitioner and her household members. The order also prohibited respondent from interfering with petitioner's residence and vehicle, and granted exclusive possession of a dog named Pacey to petitioner. Respondent was ordered to have "[n]o contact by any means" with petitioner and her household members. The order was effective until June 10, 2026.

¶ 8    That same day, the court entered a disposition order with the following notations: "(A) no violations the order will be vacated" and "(B) [r]espondent published sexual videos/photos without consent." The order reflected it was entered "after hearing" at which petitioner and respondent were present. Respondent appealed on July 8, 2024.

¶ 9    On February 27, 2025, this court entered an order taking the case on the record and respondent's *pro se* brief only. See *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133 (1976).

¶ 10    On appeal, respondent contends that the trial court erred by not providing him with information regarding "proper representation," was biased, did not review the evidence sufficiently, considered improper hearsay in ruling, and told him to "file a motion" which it later denied because it already set a trial date. Respondent argues that the trial judge did not send him an email regarding legal aid despite telling him that she would do so, and did not inform him how

to present his evidence to the court. He contends that she was biased against him in reviewing the evidence, and was "hostile" to him if he asked a question.

¶ 11    As an initial matter, we note that respondent's brief fails to comply with many of the supreme court rules governing appellate briefs. For example, his brief does not contain a statement of the facts necessary to understanding the case or an argument section containing citations either to the record or to legal authority supporting his claims. See Ill. S. Ct. R. 341(h)(6), (7) (eff. Oct. 1, 2020).

¶ 12    A reviewing court is entitled to briefs that present an organized and coherent legal argument in accordance with the supreme court rules. *Twardowski v. Holiday Hospitality Franchising, Inc.*, 321 Ill. App. 3d 509, 511 (2001). A party's status as a *pro se* litigant does not relieve his obligation to comply with appellate practice rules. *Fryzel v. Miller*, 2014 IL App (1st) 120597, ¶ 26. The supreme court rules are not suggestions, and we may strike a brief or dismiss an appeal for failure to comply with the rules. *Epstein v. Davis*, 2017 IL App (1st) 170605, ¶ 22. However, the record on appeal is short, so we decline to dismiss respondent's appeal on this basis. See *Estate of Jackson*, 354 Ill. App. 3d 616, 620 (2004) (the reviewing court may review the merits of the appeal despite Rule 341 deficiencies).

¶ 13    Nevertheless, respondent's appeal fails because he did not provide an adequate record on appeal for this court's review. Respondent, as the appellant, has the burden to provide a sufficiently complete record to support a claim of error. *Webster v. Hartman*, 195 Ill. 2d 426, 432 (2001); see Ill. S. Ct. R. 321 (eff. Oct. 1, 2021); R. 323 (eff. July 1, 2017). Absent such a record, we must presume the trial court acted in conformity with the law and with a sufficient factual basis for its

findings. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984). Any doubts which may arise from the incompleteness of the record will, therefore, be resolved against the appellant. *Id.* at 392.

¶ 14     Here, the trial court entered the plenary order of protection after a hearing at which petitioner and respondent were present. However, the record on appeal does not contain a report of those proceedings, or an acceptable substitute such as a bystander's report or an agreed statement of facts. See Ill. S. Ct. R. 323(a), (c), (d) (eff. July 1, 2017). Without such a report or acceptable substitute, we have no knowledge of the evidence and arguments presented by the parties at the hearing. We also have no knowledge of the admissibility of evidence and other legal issues, or whether support exists for respondent's claims that the trial court was biased against him. Nor does the record contain any exhibits or other evidence purportedly presented at the hearing. Thus the record is insufficient for our review of the merits of respondent's appeal. In the absence of a sufficient record, we must presume that the trial court acted in conformity with the law and had a sufficient factual basis for its findings. See *Foutch*, 99 Ill. 2d at 391-92.

¶ 15     For the foregoing reasons, we affirm the judgment of the trial court.

¶ 16     Affirmed.